# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>WORLEY & OBETZ, INC., *et al.*,[1]<br><br>                    Debtors.<br><br>CHRISTINE C. SHUBERT, Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>                    Plaintiff,<br><br>vs.<br><br>FULTON BANK, N.A.;<br>PUBLIC SERVICE ELECTRIC AND GAS COMPANY; and<br>EDF TRADING NORTH AMERICA, LLC,<br><br>                    Defendants. | CHAPTER 7<br><br>Case No. 18-13774 (MDC)<br>(Jointly Administered)<br><br><br><br><br>Adv. No. |

## CHAPTER 7 TRUSTEE'S COMPLAINT FOR DECLARATORY RELIEF

Christine C. Shubert (the "Trustee" or "Plaintiff"), the Chapter 7 Trustee for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her attorneys, Fox Rothschild LLP, brings this adversary proceeding (the "Complaint") pursuant to Fed. R. Bankr. P. 7001 for declaratory relief regarding unasserted claims under Letters of Credit (as

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

defined below) issued by Fulton Bank, N.A. ("Fulton Bank") on behalf of Debtor Amerigreen Energy, Inc. ("Amerigreen Energy"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and (e)(1), and 157(a).

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A),(B) and (O).

3. Venue of this adversary proceeding is properly in the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks declaratory relief regarding unasserted claims under certain Letters of Credit issued by Fulton Bank for the pre-petition account of Amerigreen Energy. More specifically, the Trustee requests a determination and liquidation of any and all claims under the Letters of Credit to facilitate the Trustee's analysis, and eventual administration, of all claims filed in these cases.

## PARTIES

5. Plaintiff is Christine C. Shubert, the Chapter 7 Trustee for the jointly administered estates of the Debtors.

6. Defendant, Fulton Bank, is a national banking association. Fulton Bank is registered to do business in Pennsylvania. Fulton Bank has a corporate headquarters located at One Penn Square, Lancaster, Pennsylvania 17604.

7. Defendant, Public Service Electric and Gas Company ("PSEG"), is a New Jersey corporation, which may be served at its principal place of business at 80 Park Plaza, Newark, New Jersey 07102.

8. Defendant, EDF Trading North America ("EDF", and together with PSEG, the "Beneficiaries", and together with Fulton Bank, the "Defendants"), is a Texas limited liability company, which may be served at its principal place of business at 4700 West Sam Houston Parkway, Suite 250, Houston, Texas 77041.

**STATEMENT OF FACTS**

A. **Bankruptcy Background and Amerigreen Energy's Business Operations**

9. On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

10. On June 6, 2018, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

11. By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF) (the "Joint Administration Order"). [D.I. 75].

12. Prior to the Petition Date, as more fully described in the *Chapter 7 Trustee's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing the Trustee to Use Property of the Estates to Pay Wages, Costs, and Other Post-Petition Operating Expenses Necessary to Preserve and Maintain the Debtors' Assets During the Sale Process* (the "363 Motion"), Amerigreen Energy operated as an energy wholesaler to retail distributors operating in the Mid-Atlantic and New England markets and provided certain energy products and services to their retail fuel distributors, fuel stations, commercial clients, and commercial and residential clients of Debtor Worley & Obetz, Inc. ("W&O"), including, but not limited to, the following:

3

      a.      Ethanol and biodiesel inventory supply and delivery to retail fuel distributors and commercial clients;

      b.      Hedging and marketing services to fuel distributor customers;

      c.      Electricity and natural gas plans to commercial and residential clients;

      d.      Delivery and supply to W&O commercial and residential customers of Amerigreen Energy fuel, biodiesel, biofuels, petroleum, and diesel fuels; and

      e.      Operate, supply and delivery of Amerigreen Energy products to Amerigreen Energy stations.

**B.** **Letters of Credit Issued by Fulton Bank on Behalf of Amerigreen Energy**

13. Prior to the Petition Date, Amerigreen Energy's business operations included commercial relationships with PSEG and EDF for the distribution of certain energy products, including fuel and electricity.

14. In furtherance of these commercial relationships, Fulton Bank issued the following letters of credit, as amended from time to time, for the benefit of PSEG and EDF on account of Amerigreen Energy:

| Fulton Bank Letter of Credit No. | Beneficiary | Issued Amount |
| --- | --- | --- |
| D005870 | EDF | $100,000.00 |
| D006318 | PSEG | $25,000.00 |
| D006319 | PSEG | $175,000.00 |

(together with any amendments, restatements, and/or modifications, the "Letters of Credit"). Upon information and belief, these Letters of Credit were issued to comply with certain financial security requirements of the Beneficiaries.

15. As of this Complaint, the Beneficiaries have neither made any draws, nor filed any proof of claim in connection with the Letters of Credit. The deadline to file a proof of claim in these cases was October 23, 2018 (the "Bar Date").

16. However, on October 23, 2018, Fulton Bank filed Proof of Claim No. 41 in Amerigreen Energy's bankruptcy case, which, among other things, asserts a claim for the undrawn amount of the Letters of Credit (the "Proof of Claim").

17. Solely with respect to the portion of the Proof of Claim that relates to Fulton Bank's exposure on the outstanding Letters of Credit, the Trustee seeks either a liquidation of any claims held by the Beneficiaries under the Letters of Credit, or the return of the Letters of Credit. Doing so will facilitate the Trustee's ongoing claims analysis and continued administration of the Debtors' estates.

18. The Trustee has made several requests to the Beneficiaries for the return of the Letters of Credit. EDF has not responded to these requests, and PSEG has indicated that it will not release the applicable Letter of Credit until a Court order requiring same is entered.

## COUNT ONE
**Declaratory Judgment Under 11 U.S.C. § 502(c) for
Determination of Claims Secured by Letters of Credit**

19. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

20. Section 502 of the Bankruptcy Code generally governs the allowance of claims or interests. See 11 U.S.C. § 502. To this end, subsection (c) authorizes a bankruptcy court to estimate "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." Id. § 502(c).

5

21. The portion of the Proof of Claim that includes Fulton Bank's exposure on the outstanding Letters of Credit is contingent upon the Beneficiaries holding and making a claim under the applicable Letters of Credit.

22. To hold a claim under the applicable Letters of Credit, the Beneficiaries must have a claim against Amerigreen Energy for which they are seeking payment by way of the applicable Letters of Credit.

23. Here, the Beneficiaries have not filed any proof of claim against Amerigreen Energy prior to the Bar Date. Therefore, the Beneficiaries appear to have no claim against Amerigreen Energy.

24. If the Beneficiaries do not have a claim against Amerigreen Energy, they do not have a claim against the applicable Letters of Credit.

25. As a result, the Proof of Claim should be reduced dollar-for-dollar by Fulton Bank's exposure on the outstanding Letters of Credit, resulting in a greater pro rata recovery for unsecured creditors.

26. However, Fulton Bank will not consent to such a reduction, absent an order of this Court confirming that the Beneficiaries have no claim under the applicable Letters of Credit.

27. For this reason, the Trustee seeks a determination of this Court that the beneficiaries do not in fact hold any claims under the Letters of Credit.

28. The failure to fix any claims held by the Beneficiaries under the applicable Letters of Credit would unduly delay the administration of the Amerigreen Energy bankruptcy case.

29. Amerigreen Energy's operations ceased over one-year ago, and it has sold substantially all of its assets.

30. The Beneficiaries have had adequate time to assert their rights, particularly given the Trustee's several requests to do so, and have neither filed any proof of claim before the Bar Date, nor returned the Letters of Credit to Fulton Bank.

31. The Trustee asserts that it is now appropriate to resolve the contingent portion of Fulton Bank's Proof of Claim.

32. Accordingly, the Trustee seeks either the liquidation of any claims held by the Beneficiaries under the Letters of Credit, or the return of the Letters of Credit, so that the amount of Fulton Bank's Proof of Claim is fixed.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendants:

(a) requiring either the liquidation of any claims held by the Beneficiaries under the Letters of Credit, or the return of the Letters of Credit;

(b) awarding the Trustee such other and further relief as may be just and proper.

Respectfully submitted

**FOX ROTHSCHILD LLP**

By: */s/ Michael G. Menkowitz*
Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, Twentieth Floor
Philadelphia, PA  19103-3291
Phone (215) 299-2000/Fax (215) 299-2150

Dated: October 1, 2019

*Counsel for Plaintiff, Christine C. Shubert, Chapter 7 Trustee for the Debtors*